**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

EOS AIRLINES, INC.,                       Chapter 11
                                                   Case No. 08-22581 (ASH)

       Debtor.

---------------------------------------------------------X
PETER MOCHNAL,

       Plaintiff,

      v.                                          ADV. PRO. 08-08279 (ASH)

EOS AIRLINES, INC.,

       Defendant.

---------------------------------------------------------X

## NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT AND FAIRNESS HEARING

**TO**: **CERTAIN FORMER TERMINATED EMPLOYEES OF EOS AIRLINES, INC.**

There is currently pending before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") a lawsuit entitled *Peter Mochnal, on Behalf of Himself and All Others Similarly Situated, vs. Eos Airlines Inc*, Adversary Proceeding No. 08-08279 (ASH) (the "Action"). The parties to this Action have reached a proposed settlement ("Settlement") under which, among other things, benefits would be provided to Class Counsel, the Class Representative and Class Members (each defined below). The Bankruptcy Court has authorized the dissemination of this Notice. You should review this Notice carefully as your rights may be affected by the proposed Settlement.

## SUMMARY OF THE CLASS

The class members (referred to collectively as "Class Members" and individually as "Class Member") in this action are: (a) all former United States-based employees of the Debtor terminated on, or during the thirty (30) days prior to, April 26, 2008, *excluding* all former employees that voluntarily terminated their employment and all former employees terminated for cause; (b) all former United States-based employees of Eos terminated after April 26, 2008 *excluding* all former employees that executed a General Release in favor of Eos in connection with the receipt of payments under the Eos' non-insider incentive program approved by the Bankruptcy Court on May 13, 2008 [Doc. 71].

The Class Representative, Peter Mochnal, is a former employee of Eos and brought this Class Action on behalf of the Class Members.

## DESCRIPTION OF THE ACTION

On April 26, 2008, Eos filed a petition with the Bankruptcy Court for relief under Chapter 11 of the Bankruptcy Code.

On April 26, 2008, Eos terminated approximately 375 employees and began winding down its business operations.

On or about April 28, 2008, the Class Representative, on behalf of himself and other similarly situated former United States-based employees of Eos, filed his Class Action Adversary Proceeding Complaint (the "Complaint") with the Bankruptcy Court commencing the Action, alleging violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et. seq. (the "WARN Act"), seeking damages on behalf of certain former employees of Eos.

In the Action, the Class Representative seeks to recover sixty (60) days pay and ERISA benefits for himself and each of the other similarly situated salaried employees who were terminated without cause at any time within the thirty day period preceding April 26, 2008 or thereafter.

Eos has denied any liability in the Action. Among other things, Eos contends that it was excused from providing advance written notice of the cessation of its operations because it was actively seeking financing or business, which, if obtained, would have avoided or postponed the shutdown and that it was not an "employer" under the WARN Act, but a "liquidating fiduciary" and, therefore, not subject to the WARN Act's notice requirements.

At a hearing held on September __, 2008, the Bankruptcy Court (i) certified the Class pursuant to Federal Rule of Civil Procedure 23 and Federal Rule of Bankruptcy Procedure 7023; (ii) appointed Plaintiff as the Class Representative; (iii) appointed Plaintiff's counsel as counsel to the Class ("Class Counsel"); (iv) preliminarily approved the Settlement; (v) approved this Notice and (vi) established a date for a final hearing (the "Fairness Hearing") for approval of the Settlement.

## **COUNSEL TO THE PARTIES**

Outten & Golden LLP was appointed Class Counsel by the Bankruptcy Court. Any questions you may have concerning the proposed settlement should be directed to René S. Roupinian of Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, by telephone at (212) 245-1000, or by fax to her attention at (646) 509-2081, or by email to rroupinian@outtengolden.com.

Counsel for Eos are D. Lewis Clark Jr. and Nicholas J. Brannick of the law firm of Squire, Sanders & Dempsey, L.L.P, 41 South High Street, Suite 1300, Columbus, Ohio, 43215. Questions concerning the proposed Settlement should **not** be directed to Mr. Clark or Mr. Brannick.

Counsel for the Official Committee of Unsecured Creditors of Eos Airlines, Inc. (the "Committee") are Robert Boghosian and Ira Abel of the law firm of Cohen, Tauber, Spievack & Wagner P.C., 420 Lexington Avenue, 24th Floor, New York, New York 10170. Questions

concerning the proposed Settlement should **not** be directed to Mr. Boghosian or Mr. Abel.

## THE PROPOSED SETTLEMENT

The proposed Settlement is set out in the Settlement Agreement (the "Agreement"). The following description of the proposed Settlement is only a summary and is qualified in its entirety by the terms of the proposed Settlement set forth in the Agreement, and any inconsistency shall be governed by the terms of the Agreement. You may request the complete text of the Agreement from René S. Roupinian of Outten & Golden LLP by using the contact information set forth above.

The principal terms of the proposed Settlement can be summarized as follows:

- The Debtor consents to certification of the Class for purposes of settlement. The term "Class" shall mean: (a) all former employees of the Debtor terminated on, or during the thirty (30) days prior to, April 26, 2008, *excluding* all former employees that voluntarily terminated their employment and all former employees terminated for cause; (b) all former employees of the Debtor terminated after April 26, 2008 *excluding* all former employees that executed a General Release (each a "Release" and together the "Releases") in favor of the Debtor in connection with the receipt of payments under the Debtor's non-insider incentive program approved by the Bankruptcy Court on May 13, 2008 [Doc. 71]. The Debtor has provided counsel for the Plaintiff with sufficient information regarding all former employees of the Debtor employed during the thirty (30) days preceding April 26, 2008 and thereafter, and all former employees that signed a Release to determine the Class and the names of the Class Members.

- Each of the Parties has the right, but not the obligation, to withdraw from the Settlement if the number of putative Class Members that timely opt-out of the Class exceeds 10% of the total potential Class Members.

- The Class will receive an allowed administrative expense claim under 11 U.S.C. § 502(b) against the Debtor's estate in the amount of $350,000 (the "Administrative Claim"), which Administrative Claim shall be payable in accordance with, and at the time established for distribution to, similar claims, under the Debtor's plan of reorganization or liquidation (the "Plan").

- The Class shall also receive 35.5% of all cash available for distribution to holders of pre-petition general unsecured claims against the Debtor's estate pursuant to the Debtor's Plan (the "Unsecured Claim" and together with the

> Administrative Claim, the "Settlement Proceeds").

- The Plaintiff, as Class Representative, will receive a $15,000 payment (the "Representative Payment") as compensation for his services on behalf of the Class. Debtor shall pay the Debtor's tax obligations arising from or related to the Representative Payment and withhold any appropriate local, state or federal tax, garnishment or similar withholding obligation of Plaintiff and remit such withholdings to the appropriate authorities. Debtor shall assume no liability for Plaintiff's individual tax or withholding obligations.

- Class Counsel will seek approval from this Court for (a) reasonable out of pocket expenses and (b) attorneys' fees of one-third of the Settlement Proceeds, after deducting the Representative Payment ("Class Counsel Fees"). Payment of Class Counsel Fees shall be made exclusively from the Settlement Proceeds and shall not be an administrative expense of the Debtor's estate. Payment of Class Counsel Fees is subject to this Court's approval.

- The net Settlement Proceeds, after deducting the Representative Payment, Class Counsel Fees, and each individual Class Member's tax and withholding obligations, will be paid to each member of the Class on a pro rata[1] basis by the Debtor or the Debtor's successor under a Plan. Distributions to Class Members shall be made net of pay and benefits received by each individual Class Member from the Debtor on account of work performed on behalf of the Debtor after April 26, 2008. Debtor shall pay the Debtor's tax obligations arising from or related to the distribution of any Settlement Proceeds to Class Members and withhold any appropriate local, state or federal tax, garnishment or similar withholding obligation of each Class Member and remit such withholdings to the appropriate authorities. Debtor shall assume no liability for any Class Member's individual tax or withholding obligations.

- The effectiveness of the Settlement is contingent upon: (i) certification of the Class by this Court; (ii) the number of putative Class Members that timely opt-out of the Class not exceeding 10% of the total potential Class; and (iii) entry of a final non-appealable order by this Court approving the Settlement.

From the Settlement Proceeds, the Class Representative will receive $15,000 as compensation for his services in bringing the Class Action on behalf of the Class Members.

The remaining balance of the Settlement Proceeds will be divided on a pro rata basis among the Class Members (after deducting each Class Member's share of attorneys' fees, applicable taxes and expenses). Class Counsel estimates that each Class Member's share of the

---

[1] Further description of the pro rata nature of the distributions of the Settlement Proceeds can be found in the Agreement.

total expenses of the litigation and distribution will not exceed $40.00.

The proposed Settlement will be presented to the Bankruptcy Court for final approval at the Fairness Hearing to be held on **September 25, 2008 at 10:30 a.m**. in Courtroom 520 of the United States Bankruptcy Court for the Southern District of New York, White Plains Office, 300 Quarropas, White Plains, New York 10601.

The Court will, at that time, decide whether the Settlement is fair, reasonable and adequate to the Class Members and whether the request of Class Counsel for attorneys' fees and expenses should be approved. As explained below, you have the right to opt-out of the Class and/or object to the proposed Settlement including the Class Counsel's request for attorneys' fees and expenses and to appear in person at the Fairness Hearing to be heard, or to engage counsel to do so on your behalf.

## OBJECTIONS

If you believe the proposed Settlement is unfair or otherwise wish to object to the proposed Settlement, including Class Counsel's request for attorneys' fees and expenses, you must do so by mailing a written statement bearing the caption of this case that appears on the first page of this notice setting forth the reason(s) for your objection to the Clerk of the Court (the "Clerk"), United States Bankruptcy Court for the Southern District of New York, White Plains Office, 300 Quarropas, White Plains, New York 10601, and sending copies to (1) Class Counsel, Outten & Golden LLP, 3 Park Ave, 29th Floor, New York, NY 10016, Attn: René S. Roupinian; (2) Counsel for Eos, Squire, Sanders & Dempsey, L.L.P., 41 South High Street, Suite 1300, Columbus, Ohio 43215, Attn: Nicholas J. Brannick, and (3) Committee Counsel, Cohen Tauber, Spievack & Wagner P.C., 420 Lexington Avenue, 24th Floor, New York, NY 10170, Attn: Robert Boghosian. Objections must be **RECEIVED** by the Clerk and Class Counsel no later than **September 22, 2008**, and must include the case name and number, your name, address and

telephone number together with the basis for your objection. You or your counsel must also appear at the Fairness Hearing when the Court considers your objection and final approval of the Settlement.

You also have the right, but are not required, to retain counsel to appear for you, to object on your behalf and be heard at the Fairness Hearing at which the Court will consider whether to finally approve the Settlement.

If you elect to engage counsel, your counsel must file an appearance with the Court no later than **September 22, 2008** and at that time also file a statement setting forth any objections on your behalf. Copies of the appearance and the objection must be mailed at the same time to (1) Class Counsel, Outten & Golden LLP, 3 Park Ave, 29th Floor, New York, NY 10016, Attn: René S. Roupinian, (2) Counsel for Eos, Squire, Sanders & Dempsey, L.L.P., 41 South High Street, Suite 1300, Columbus, Ohio, 43215, Attn: Nicholas J. Brannick and (3) Committee Counsel, Cohen Tauber Spievack & Wagner P.C., 420 Lexington Avenue, 24th Floor, New York, NY 10170, Attn: Robert Boghosian.

## **OTHER INFORMATION**

Providing you with this Notice does not mean that the Court has any opinion as to the claims or defenses of the parties.

Requests for more information should be made by phone, email or first class mail to Class Counsel as identified above.

Neither Eos nor the Committee are responsible for the content of this Notice.

If you have any questions, please do not write to or call the Court or counsel for Eos or the Committee.

## What to Do

If you WISH to be a member of the class, YOU DO NOT NEED TO DO ANYTHING and you will receive the benefits that you, as a Class Member, may be entitled to receive pursuant to the proposed Settlement. If you do nothing, you will automatically be a Class Member and be bound by the court-approved settlement of the Action. You may appear by your own counsel if you are a Class Member.

If you DO NOT WISH to participate in this Action, and wish to be EXCLUDED from the Class and thereby reserve your rights under the WARN Act and NOT SHARE IN ANY RECOVERY in the Action, CHECK THE BOX IN THE FORM BELOW, AND SIGN AND MAIL that form by certified mail, return receipt requested, to Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, Attn: René S. Roupinian. The form must be **RECEIVED** no later than **September 22, 2008**. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the Class in the Action and will be bound in the same way and to the same extent as all other Class Members.

The Court has taken no position regarding the merits of Plaintiff's claims or Defendant's defenses. Please do not call or contact the Court for information.

If you wish information or assistance, please contact Jenny Hoxha of Outten & Golden, LLP at (212) 245-1000.

∎∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙

**MOCHNAL, ET AL. v. EOS AIRLINES, INC.,**

OPT-OUT FORM

**If you DO NOT WISH to participate in this Action you must return this form, so that it is RECEIVED no later than September 22, 2008, to Class Counsel at the following address:**

Outten & Golden LLP
Attn: René S. Roupinian
3 Park Ave, 29th Floor
New York, NY 10016

I, the undersigned, have read the foregoing Notice of Class Action and understand its contents.

☐   I do not want to participate in the above Class Action and do not wish to be bound by the outcome of the Class Action or receive any benefits of that action.

_____          _____
Signature                                                                Address


_____          _____
Name (printed or typed)                                        Telephone


_____
Date